

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 22 2015
ARTHUR JOHNSTON
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**RUSTY HOLLOWAY**                                    PLAINTIFF

**VERSUS**                                    CAUSE NO: 2:15cv86KS-MTP

**LAMAR COUNTY;**
**MIKE PURVIS, individually and**
**in his official capacity; JASON**
**MCNELLY individually and**
**in his official capacity;**                        **DEFENDANTS**

                                    JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW, Rusty Holloway, hereinafter "Holloway," by and through undersigned counsel, and makes this, her Complaint against named Defendants, and would show unto the Court the following, to wit:

### PARTIES

1. Plaintiff, Holloway, is a resident citizen of Jefferson Davis County, Mississippi who may be contacted through undersigned counsel.

2. Defendant MIKE PURVIS is sued in his individual capacity and as a deputy of the Lamar County sheriff department and may be served with process at 205 Main Street, Purvis, Mississippi 39475.

3. Defendant JASON MCNELLY is sued in his individual capacity and as a deputy of the Lamar County Sheriff department and may be served with process at 205 Main Street, Purvis, Mississippi 39475.

4. Defendant Lamar County is a governmental entity organized and authorized by the laws of the State of Mississippi who may be served with process through Wayne Smith, Lamar County Chancery Clerk, 403 Main Street, Purvis, Mississippi, 39475.

## JURISDICTION AND VENUE

5. Venue is proper pursuant to Miss. Code Ann. § 11-11-3 because substantial acts and omissions which caused the injury occurred in Lamar County, Mississippi, and because the action against governmental entities must be commenced in the county where the entities are located. The misconduct complained of herein arose in Lamar County, Mississippi. Jurisdiction of the parties and of the subject matter of this action are proper in this Court.

6. This action is authorized by 42 U.S.C. § 1983 and made pursuant to the 1st, 4th and 14th Amendments to the United States Constitution.

## FACTUAL ALLEGATIONS

7. On or about June 20, 2014 Mr. Holloway was involved in a car crash with a Lamar County Deputy, Michael Wahl, at the intersection of Hwy 98 and 589 in Hattiesburg, Mississippi. Mr. Holloway entered the intersection while the light was still yellow, however, because the deputy was already in the intersection, a collision occurred.

8. Following the collision, a number of law enforcement officials arrived on the scene. Law enforcement officials, including Defendants McNelly and Purvis, attempted to get Mr. Holloway to take an ambulance to the hospital, but Mr. Holloway wanted his sister to take him to the hospital. Eventually, Mr. Holloway, upset because officials threatened to arrest his sister if she got out of her car, began to walk towards Wesley Medical Center. At no point was Mr. Holloway placed under arrest. In fact, officers specifically told Mr.

Holloway that he would not be cited or placed under arrest for the crash. No incident or arrest report was generated by the Defendants.

9. At some point during the incident, fellow deputies of Deputy Wahl learned of the critical nature of Deputy Wahl's injuries, and these deputies became upset with Mr. Holloway, who did not appear to be seriously injured. Officers, namely Defendants McNelly and Purvis, also told witnesses that they would have to "subdue" Holloway against his will in order to get Holloway to ride in the ambulance.

10. Upon watching Mr. Holloway leave the scene, these defendants followed Mr. Holloway until they reached an unlit portion of Hwy 98. At this point, without any prior warning, the officers demanded that Mr. Holloway place his hands on his head and turn around. At no point was Mr. Holloway told that he was under arrest.

11. Mr. Holloway's family and friends were afraid that the deputies were going to shoot and kill Mr. Holloway and pleaded with the defendant officers to leave Mr. Holloway alone. Mr. Holloway put his hands on his head, but before Mr. Holloway could turn around a defendant officer discharged their Taser, firing its prongs into the body of Mr. Holloway, and causing a painful and debilitating electric charge to run through Mr. Holloway's body.

12. The defendant officers then placed hand cuffs on Mr. Holloway and tazed him again, while restrained, and Mr. Holloway began to shake violently. At no point did Mr. Holloway resist, nor was Mr. Holloway disorderly. At some point, Mr. Holloway passed out from the pain. Mr. Holloway feared for his life at this point.

13. While Mr. Holloway was being placed in a patrol car, one county official was overheard saying that "I wanted to kill that Fuck" for the injuries which Deputy Wahl had sustained

in the collision. Mr. Holloway was then taken to Forrest General Hospital, where he was handcuffed and restrained to his bed.

14. No county officer charged nor cited Mr. Holloway for any criminal offense. Mr. Holloway was never placed under arrest, nor was Mr. Holloway read his Miranda rights at any point in time. Upon information and belief all deputies/officers involved in the excessive force against Mr. Holloway were Caucasian. Mr. Holloway is a black male. No incident report was ever made by a deputy regarding this unlawful use of force.

## ALLEGATIONS OF LAW

24. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

25. All acts of the Defendants were under the color and pretenses of the ordinances, policies, practices, customs, regulations, usages and/or statutes of the United States Government, the State of Mississippi and Lamar County.

26. The Sheriff, acting in his official capacity as head law enforcement official with the Lamar County Sheriff's Department, is an official capable of ratification and establishing the policy and custom of Defendants.

27. It is the custom and policy of all Defendants to violate the procedural and substantive due process rights of individuals.

28. By not requiring his deputies to provide incident reports regarding the tazing of Holloway, Sheriff has ratified the actions of the deputies who tazed Holloway. By

allowing deputies to use force against Holloway without cause, Sheriff and County have ratified and condoned the actions of the deputies who tazed Holloway.

29. It is the custom and policy of all Defendants to violate the search and seizure rights of citizens in and around the area of Lamar County where the unlawful seizure of Holloway occurred.

30. It is the policy and practice of the Defendants to violate the civil rights of in and around the area of Lamar County where the unlawful seizure occurred.

31. It is the policy and custom of Defendants to falsely arrest citizens in the area of Lamar where the unlawful seizure occurred.

32. Defendants did not have reasonable suspicion and/or probable cause to seize the property and person of Holloway on June 20, 2014.

33. Defendants did not follow their own policy or procedure in searching, tazing, arresting, booking, and holding Holloway.

34. Defendants failed to train and/or supervise their subordinates to prevent the actions described herein.

35. Defendants' actions were in bad faith and were intended and designed to punish Plaintiff.

36. At all times relevant to this action, Plaintiff's rights were clearly established. At all times relevant to this action, Defendants violated Plaintiff's constitutional rights.

37. Defendants' actions evidence malice and/or constitute willful misconduct.

38.  As a result of Defendants' actions, Plaintiff has suffered humiliation, embarrassment, loss of reputation and had his liberty and privacy interests severely impacted.

### COUNT I IN VIOLATION OF 42 U.S.C. 1983
### Fourth Amendment/Fourteenth Amendment – Unlawful Seizure

39.  Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

40.  The unlawful actions of the Defendants, as alleged herein, constituted an intrusion into Plaintiff's right to be free from an unlawful seizure of their person.

41.  Defendants had an affirmative duty to prevent such intrusions.

42.  Defendants, acting without authority, knowingly conducted an illegal seizure and the use of excessive force, and resulting in Plaintiff's unlawful seizure and incarceration.

43.  Defendants, acting knowingly, maliciously, willfully and wantonly, and evincing a complete and utter disregard for the rights of the Plaintiff, unlawfully stopped and seized Plaintiff despite lacking reasonable suspicion or probable cause.

44.  Plaintiff has an established constitutional right to be free from an unlawful search, seizure and confinement.

45.  As a direct and proximate cause of Defendants' actions, Plaintiff's rights, as guaranteed by the Fourth and Fourteenth Amendments, were injured.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

### COUNT II IN VIOLATION OF 42 U.S.C. 1983
### Fourth Amendment/Fourteenth Amendment – Unlawful Search

46. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

47. The unlawful actions of Defendants, as alleged herein, deprived Plaintiff of his rights to be free from an unlawful search.

48. As a direct and proximate cause of Defendants' actions, Plaintiff's rights, as guaranteed by the Fourth and Fourteenth Amendment, were injured.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

### COUNT III IN VIOLATION OF 42 U.S.C. 1983
### Fourth Amendment/Fourteenth Amendment – False Imprisonment

49. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

50. The unlawful actions of Defendants, as alleged herein, deprived Plaintiff of his rights against false imprisonment.

51. Defendants recklessly, knowingly, intentionally, willfully and wantonly arrested and falsely imprisoned Plaintiff with the understanding that there was no lawful arrest made of the Plaintiff.

52. No reasonable officer in Defendants' position, with the information each had in his or her possession when seeking the search and arrest of Plaintiff, would have found that the stop and force used was constitutional.

53. Based on the acts described herein, the process by which Plaintiff was wrongfully searched, arrested and confined was so wholly lacking in the concept of justice in a civilized

society, that Plaintiff was never actually provided legal process and, therefore, were falsely imprisoned by Defendants.

54. Defendants, Lamar County, and Lamar County Sheriff's Department, as supervisors of Defendants, respectively, recklessly, knowingly, intentionally, willfully and wantonly, participated in, knew of, condoned and/or approved the wrongful acts of Defendants described herein, with the intent and understanding to bring about Plaintiff's unconstitutional arrests, tazing, search, and confinement.

55. As a direct and proximate cause of Defendants' actions, Plaintiff's rights, as guaranteed by the Fourth and Fourteenth Amendments, were injured.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

### COUNT V IN VIOLATION OF 42 U.S.C. 1983
### Excessive Force in Violation of the Fourth and Fourteenth Amendment

56. Plaintiff incorporates by reference each of the preceding paragraphs as though fully restated herein.

57. On June 20, 2014 the Defendants used excessive force upon the Plaintiff during an unlawful seizure, and violated Plaintiff's right to bodily integrity.

58. Plaintiff has a constitutional right to bodily integrity and to be free from the use of excessive force and outrageous and unreasonable force, which shocks the conscience and offends traditional notions of decency.

59. Plaintiff has a right to be free from the use of deprivation of life and liberty without due process of law.

60. Plaintiff's rights were clearly established and violated by the Defendants' actions as described herein.

## COUNT VI IN VIOLATION OF 42 U.S.C. 1983
### State Law Claims

61. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

62. Plaintiff served the Defendants with notice of this action pursuant to the Mississippi Tort Claims Act and more than ninety (90) days have passed since its service. (**Exhibit A**, Notice of Claim). Defendants have denied Plaintiff's claims to relief.

63. The actions of all Defendants named and described supra constitute the torts of negligence, gross negligence, trespass, excessive force, assault, battery, defamation, negligent training, negligent supervision, harassment, conspiracy, outrage, failure to provide medical treatment, and false imprisonment.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Assume jurisdiction over this action;

2. Declare that Defendants' actions, as herein described, violated Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution

3. Appropriate equitable relief including but not limited to prospective injunctive relief, declaratory and other injunctive remedies;

4.   Award Plaintiff nominal and actual damages for Defendants violation of their constitutional and statutory rights;

5.   Awards Plaintiff compensatory damages, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

6.   Punitive damages for all claims allowed by law in an amount to be determined at trial;

7.   Pre-judgment and post-judgment interest at the highest lawful rate;

8.   Award Plaintiff his costs of litigation, including reasonable attorney's fees and expenses, pursuant to 42 U.S.C. sec. 1988 and/or 20 U.S.C. sec. 1400 et seq.; and

9.   Grant such other relief to which Plaintiff may be entitled or as this Court deems necessary and proper.

RESPECTFULLY SUBMITTED this the 22nd day of June, 2015.

RUSTY HOLLOWAY

PLAINTIFF

_____
DANIEL M. WAIDE, MSB #103543

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 HARDY ST.
PO BOX 17738

HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net