IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RUSTY HOLLOWAY**                                                                         **PLAINTIFF**

V.                                        CIVIL ACTION NO. 2:15-CV-86-KS-MTP

**LAMAR COUNTY,** *et al.*                                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** the Motion to Dismiss [8] filed by Defendants Purvis and McNelly. Specifically, Plaintiff's claims of negligence, gross negligence, negligent training, and negligent supervision are dismissed with prejudice, while Plaintiff's claims of trespass, defamation, and malicious prosecution are dismissed without prejudice. The Court denies the motion in all other respects.

The Court also **grants in part and denies in part** the Motion to Dismiss [10] filed by Lamar County, Mississippi, and the individual Defendants in their official capacities. Specifically, Plaintiff's claims of negligence, gross negligence, negligent training, negligent supervision, assault, battery, defamation, and malicious prosecution are dismissed with prejudice. The Court denies the motion in all other respects.

### I. BACKGROUND

Plaintiff was in an automobile accident with a Lamar County Sheriff's Deputy. Plaintiff was not seriously injured, but the Deputy was. Officers at the scene urged Plaintiff to take an ambulance to the hospital, but he refused, preferring to ride with his sister. After officers allegedly threatened to arrest his sister, Plaintiff began

walking along the highway toward the hospital. Plaintiff alleges that two officers, Defendants Mike Purvis and Jason McNelly, told witnesses that they intended to "subdue" Plaintiff and force him to take an ambulance. They allegedly followed him to an "unlit portion" of highway, ordered him to place his hands on his head and turn around, and then shot him with a Taser before he could comply with their orders. Plaintiff further alleges that McNelly and Purvis cuffed him and tasered him again while he was restrained. The officers placed Plaintiff in a patrol car and took him to Forrest General Hospital. He was never formally arrested or charged with any crime, and no incident reports – arrest, use of force, or otherwise – were generated by the Lamar County Sheriff's Department.

Plaintiff filed this lawsuit against Lamar County, Mississippi, and Officers Purvis and McNelly in their individual and official capacities. He asserted several claims under 42 U.S.C. § 1983, and a variety of state-law tort claims. Defendants filed Motions to Dismiss [8, 10] the state-law claims, and Plaintiff did not respond. Accordingly, the motions are ripe for review.[1]

## II. STANDARD OF REVIEW

A "motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to

---

[1]Plaintiff's response was due on or before October 19, 2015. FED. R. CIV. P. 6(a), (d); L.U.Civ.R. 7(b)(4).

relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### III. MOTION TO DISMISS [8]

The individual Defendants, Mike Purvis and Jason McNelly, seek dismissal of certain state-law claims asserted by Plaintiff against them in their individual capacities.

#### A. *Course and Scope of Employment*

First, Defendants argue that Plaintiff's claims of negligence, gross negligence, excessive force, negligent training, negligent supervision, harassment, conspiracy, false imprisonment, and failure to provide medical treatment must be dismissed because they are immune from liability under the Mississippi Tort Claims Act ("MTCA"). The MTCA provides that "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." MISS. CODE ANN. § 11-

46-7(2). It also creates a "rebuttable presumption that any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment." MISS. CODE ANN. § 11-46-5(3). However, acts or omissions which "constituted fraud, malice, libel, slander, defamation, or any criminal offense other than traffic violations," "shall not be considered as acting within the course and scope of his employment . . . ." MISS. CODE ANN. § 11-46-5(2).

Here, Plaintiff specifically alleged that "[a]ll acts of the Defendants were under the color and pretenses of the ordinances, policies, practices, customs, regulations, usages and/or statutes . . . of . . . Lamar County." Indeed, all of the specific actions alleged by Plaintiff in the Complaint appear to have occurred while Purvis and McNelly were on duty. But Plaintiff also alleged that "Defendants' actions were in bad faith and were intended and designed to punish" him, and that "Defendants' actions evidence malice and/or constitute willful misconduct." Therefore, the Court concludes that unless a specific tort claim alleged by Plaintiff against the individual Defendants does not, by definition, constitute "fraud, malice, libel, slander, defamation, or any criminal offense other than traffic violations," it may arise from malicious conduct.

Therefore, Plaintiff's state-law claims of negligence, gross negligence, negligent training, and negligent supervision do not constitute "fraud, malice, libel, slander, defamation, or any criminal offense other than a traffic violation." Accordingly, the individual Defendants are immune from personal liability for those claims, and they are dismissed with prejudice. *Id.*; *see also Duncan v. Chamblee*, 757 So. 2d 956, 949-50 (Miss. 1999) (trial court properly dismissed gross negligence claim against state

employee acting within course and scope of employment); *Meaux v. Mississippi*, No. 1:14-CV-323-KS-RHW, 2015 U.S. Dist. LEXIS 73749, at *15-*17 (S.D. Miss. June 8, 2015); *Lee v. Yazoo County, Miss.*, No. 5:11-CV-165, 2012 U.S. Dist. LEXIS 152625, 2012 WL 5287868, at *1 (S.D. Miss. Oct. 24, 2012).

However, based on Plaintiff's allegation that all of Defendants' actions were malicious, the Court presently declines to dismiss Plaintiff's remaining state-law claims against the individual Defendants on the basis that they were "acting within the course and scope of employment." They may not have acted within the course and scope of employment, depending on the nature of the actions underlying each tort.[2]

### B.    *Trespass*

"[A] civil trespass cause of action in Mississippi includes three elements: 1) an intrusion upon the land of another without license or other right for one's own purpose; 2) damage to the plaintiff as a result of physical invasion of the land; 3) credible evidence that the party charged is the party responsible for the tort." *McLaughlin v. Miss. Power Co.*, No. 1:01-CV-228-LG-JMR, 2010 U.S. Dist. LEXIS 105837, at *12 (S.D. Miss. Oct. 4, 2010) (citing *Monsanto Co. v. Scruggs*, 342 F. Supp. 2d 602, 606 (N.D.

---

[2] Of course, it would have been helpful to the Court if Plaintiff had either filed a response to the present motion or – even better – drafted a more precise Complaint which clearly stated the nature of the *fourteen* torts listed therein *without any factual elaboration*. The Court has too frequently been forced to admonish attorneys for this sort of pleading. *Meaux*, 2015 U.S. Dist. LEXIS 73749 at *21 (citing multiple cases). In fact, the Court recently sanctioned an attorney pursuant to 28 U.S.C. § 1927 for vexatiously multiplying proceedings with shotgun pleading and argumentation. *Payne v. Univ. of S. Miss.*, 2015 U.S. Dist. LEXIS 42118, at *9-*15 (S.D. Miss. Mar. 31, 2015).

Miss. 2004)). Plaintiff did not allege sufficient facts to state a claim of civil trespass. Specifically, he did not allege that the individual Defendants intruded upon the land of another.

## C. *Defamation*

The elements of a defamation claim are: "(1) a false and defamatory statement concerning plaintiff; (2) unprivileged publication to a third party; (3) fault amounting at least to negligence on part of publisher; (4) and either actionability of statement irrespective of special harm or existence of special harm caused by publication." *Armistead v. Minor*, 815 So. 2d 1189, 1193 (Miss. 2002). Additionally, "[i]n Mississippi, a complaint alleging defamation must set forth the statements, paraphrased or verbatim, that constituted the defamation." *Cooper v. Paragon Sys., Inc.*, No. 5:08-CV-169-DCB-JMR, 2008 U.S. Dist. LEXIS 67761, at *8 (S.D. Miss. Sept. 5, 2008) (citing multiple cases); *see also Ducksworth v. Rook*, No. 2:14-CV-146-KS-MTP, 2015 U.S. Dist. LEXIS 20563, at *12 (S.D. Miss. Feb. 20, 2015); *Hayne v. Innocence Project*, No. 3:09-CV-218-KS-LRA, 2011 U.S. Dist. LEXIS 5586, at *5-*6 (S.D. Miss. Jan. 20, 2011). Plaintiff did not allege sufficient facts to state a claim of defamation. Specifically, he did not set forth any allegedly defamatory statement.

## D. *Malicious Prosecution*

The elements of malicious prosecution are: "(1) the institution of a proceeding; (2) by, or at the insistence of the defendant; (3) the termination of such proceeding in the plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceeding; and (6) the suffering of the injury or damage as a result of the

prosecution." *Rainer v. Wal-Mart Assocs., Inc.*, 119 So. 3d 398, 403 (Miss. Ct. App. 2013). Plaintiff did not allege sufficient facts to state a claim of malicious prosecution. Plaintiff alleged no facts indicating that the individual Defendants instituted a proceeding against him, or that such proceeding terminated in his favor. In fact, he specifically alleged that "[n]o county officer charged or cited [him] for any criminal offense."

### E.   *Conspiracy*

Finally, the elements of a civil conspiracy are: "(1) two or more persons or corporations; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result." *Gallagher Bassett Servs. v. Jeffcoat*, 887 So. 2d 777, 786 (Miss. 2004). Plaintiff alleged sufficient facts to state a plausible claim of civil conspiracy. Specifically, he alleged that Defendants McNelly and Purvis "told witnesses that they would have to 'subdue' [him] against his will . . . ," and that they followed him to an unlit portion of the highway, where they shot him with a Taser, cuffed him, then shot him with a Taser again while he was restrained. He alleged that he suffered a variety of damages as a result of their actions. Construing these allegations in the light most favorable to Plaintiff, the Court finds that they are sufficient to state a claim of civil conspiracy.

### IV. MOTION TO DISMISS [10]

Lamar County, Mississippi, and the individual Defendants in their official capacities seek dismissal of certain state-law claims asserted by Plaintiff.

### A.  *Police Function Exemption*

First, Defendants argue that Plaintiff's claims of negligence, gross negligence, negligent training, negligent supervision, and failure to provide medical treatment are barred by the MTCA's police function exemption. The MTCA provides:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> * * *
>
> (c) Arising out of any act or omission of any employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury . . . .

MISS. CODE ANN. § 11-46-9(1)(c).

"Reckless disregard . . . denotes more than negligence, but less than an intentional act." *City of Jackson v. Lewis*, 153 So. 3d 689 (Miss. 2014). The Mississippi Supreme Court has found "reckless disregard when the conduct involved evinced not only some appreciation of the unreasonable risk involved, but also a deliberate disregard of that risk and the high probability of harm involved." *Id.* The reckless disregard standard "embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act." *Phillips v. Miss. Dep't of Public Safety*, 978 So. 2d 656, 661 (Miss. 2008).

Plaintiff specifically alleged that "[a]ll acts of the Defendants were under the color and pretenses of the ordinances, policies, practices, customs, regulations, usages

and/or statutes . . . of . . . Lamar County," and all of the specific actions alleged in the Complaint appear to have occurred while Purvis and McNelly were on duty. Therefore, Section 11-46-9(1)(c) provides Defendants immunity against Plaintiff's claims of negligence, gross negligence, negligent training, and negligent supervision, as they – by definition – do not reach the "reckless disregard" standard. *See Bonney v. Leflore County*, No. 4:11-CV-107-SA-JMV, 2013 U.S. Dist. LEXIS 42522, at *11-*12 (N.D. Miss. Mar. 26, 2013). However, Plaintiff also alleged that "Defendants' actions were in bad faith and were intended and designed to punish" him, and that "Defendants' actions evidence malice and/or constitute willful misconduct." Accordingly, Plaintiff's remaining state-law tort claims may be sufficient to meet the "reckless disregard" standard, depending on the specific actions underlying them.

### B.   *Discretionary Function Exemption*

Next, Defendants argue that Plaintiff's claims for negligent training, negligent supervision, and failure to provide medical care are barred by the discretionary function exemption of the MTCA. The MTCA provides:

> (1)   A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> \* \* \*
>
> (d)   Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused . . . .

MISS. CODE ANN. § 11-46-9(1)(d).

The Court has already dismissed Plaintiff's negligence-based claims against Lamar County and the individual Defendant in their official capacity pursuant to the police function exemption. As for the alleged failure to provide medical care, Defendants merely asserted that "the provision of medical care to citizens in police custody is discretionary," without citing any supporting law. In the absence of sufficient briefing, the Court declines to address the argument.

## C.     *Course and Scope of Employment*

Finally, Defendants argue that Plaintiff's claims for trespass, assault, battery, defamation, malicious prosecution, conspiracy, and outrage all fall outside the scope of the MTCA's waiver of sovereign immunity. As the Court previously noted, the MTCA waived the City's sovereign immunity "from claims for money damages arising out of torts of . . . governmental entities and the torts of their employees while acting within the course and scope of their employment . . . ." MISS. CODE ANN. § 11-46-5(1). But "an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations." MISS. CODE ANN. § 11-46-5(2).

Plaintiff's claims of assault, battery, defamation, malicious prosecution all constitute actions defined as outside the course and scope of governmental employment. *See* MISS. CODE ANN. § 11-46-5(1); *Rogers v. City of Tupelo*, No. 1:13-CV-243-SA-DAS, 2015 U.S. Dist. LEXIS 69760, at *29 n. 2 (N.D. Miss. May 29, 2015)

(malicious prosecution not within course and scope of employment); *Lewis v. Marion County*, No. 2:13-CV-76-KS-MTP, 2013 U.S. Dist. LEXIS 102758, at *3-*4 (S.D. Miss. July 23, 2013) (assault and battery outside scope of employment); *Dozier v. City of Purvis*, No. 2:11-CV-46-KS-MTP, 2012 U.S. Dist. LEXIS 129677, at *4-*5 (S.D. Miss. Sept. 12, 2012) (malicious prosecution not within course and scope of employment); *McBroom v. Payne*, 1:06-CV-1222-LG-JMR, 2010 U.S. Dist. LEXIS 107124, 2010 WL 3942010, at *9 (S.D. Miss. Oct. 6, 2010) (assault and battery outside course and scope of employment).

However, a civil trespass does not necessarily require proof of "fraud, malice, libel, slander, or defamation or any criminal offense," MISS. CODE ANN. § 11-46-5(2), and it may occur within the course and scope of a government employee's duties, depending on the actions underlying the tort. *See Kilgo v. Tolar*, No. 1:13-CV-229-SA-DAS, 2015 U.S. Dist. LEXIS 70999, at *16-*17 (N.D. Miss. June 2, 2015). Defendants failed to discuss Plaintiff's allegations underlying the trespass claim.

Likewise, a civil conspiracy does not necessarily require proof of "fraud, malice, libel, slander, or defamation or any criminal offense." MISS. CODE ANN. § 11-46-5(2). The fourth element of a civil conspiracy – an unlawful overt act – may be based on a tort. *See Aiken v. Rimkus Consulting Group, Inc.*, 333 F. App'x 806, 812 (5th Cir. 2009); *Wells v. Shelter Gen. Ins. Co.*, 217 F. Supp. 2d 744, 755 (S.D. Miss. 2002). Therefore, a civil conspiracy's MTCA status depends on the plaintiff's allegations and the nature of the overt actions in furtherance of the conspiracy. *See Delaney v. Miss. Dep't of Pub. Safety*, No. 3:12-CV-229-TSL-MTP, 2013 U.S. Dist. LEXIS 9600, *17-*19 (S.D. Miss.

Jan. 24, 2013); *McBroom*, 2010 U.S. Dist. LEXIS 107124 at *25. Defendants failed to discuss Plaintiff's allegations underlying the conspiracy claim.

A claim of "outrage" is simply a claim for intentional infliction of emotional distress ("IIED"). *Page v. Captain D's, LLC*, No. 2:12-CV-105-KS-MTP, 2012 U.S. Dist. LEXIS 167890, at *8 n. 1 (S.D. Miss. Nov. 27, 2012) (citing multiple cases). To the extent a claim of IIED is predicated upon behavior that constitutes "fraud, malice, libel, slander, or defamation or any criminal offense," MISS. CODE ANN. § 11-46-5(2), it is outside the scope of the MTCA's waiver of sovereign immunity. *Franklin Collection Servs. v. Kyle*, 955 So. 2d 284, 290 (Miss. 2007); *Weible v. Univ of S. Miss.*, 89 So. 3d 51, 64 (Miss. Ct. App. 2011). Therefore, an IIED claim's MTCA status depends on the plaintiff's allegations and the nature of the actions constituting the IIED. Defendants failed to discuss Plaintiff's allegations.

## V. CONCLUSION

For these reasons, the Court **grants in part and denies in part** Defendants' Motions to Dismiss [8, 10] as provided above. The Court frequently allows plaintiffs to amend their complaint and correct pleading deficiencies. *See, e.g. Palmisano v. Miss. Dep't of Wildlife, Fisheries, & Parks*, No. 5:14-CV-94-KS-MTP, 2015 U.S. Dist. LEXIS 55319, at *22 (S.D. Miss. Apr. 28, 2015); *Hattiesburg v. Hercules, Inc.*, No. 2:13-CV-208-KS-MTP, 2014 U.S. Dist. LEXIS 40993, at *15 (S.D. Miss. Mar. 27, 2014); *Bryant v. Holder*, No. 2:10-CV-76-KS-MTP, 2011 U.S. Dist. LEXIS 23975, at *39-*40 (S.D. Miss. Feb. 3, 2011). It shall do the same here. Within two weeks of the entry of this opinion, Plaintiff may seek leave to file an Amended Complaint that corrects the pleading

deficiency noted above.

SO ORDERED AND ADJUDGED, on this, the 16th day of December, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE