IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RUSTY HOLLOWAY**                                                        **PLAINTIFF**

**V.**                         **CIVIL ACTION NO. 2:15-CV-86-KS-MTP**

**LAMAR COUNTY,** *et al.*                                      **DEFENDANTS**

### ORDER

The Court provided the background of this case in its previous orders. *See Holloway v. Lamar County*, No. 2:15-CV-86-KS-MTP, 2016 U.S. Dist. LEXIS 47711, at *1-*3 (S.D. Miss. Apr. 8, 2016); *Holloway v. Lamar County*, No. 2:15-CV-86-KS-MTP, 2015 U.S. Dist. LEXIS 168119, at *2-*3 (S.D. Miss. Dec. 16, 2015). On April 8, 2016, the Court granted in part and denied in part the Motion for Summary Judgment [35] filed by Defendants Purvis and McNelly. Defendants then filed a Motion to Alter or Amend [46] the Court's judgment and a Motion to Stay [48] all discovery requirements pending the Court's ruling.

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Plaintiff's motion was filed on the same day as the Court's opinion, and Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering

or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id*. Before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

After consideration of the parties' briefs and the record, the Court **denies** Defendants' Motion to Alter Judgment [46] for the same reasons provided in its initial Memorandum Opinion and Order [44]. To the extent Defendants presented new arguments or authorities in support of summary judgment, Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478. The Court also **denies as moot** Defendants' Motion to Stay [48].

SO ORDERED AND ADJUDGED, on this, the 26th day of May, 2016.

                                        *s/Keith Starrett*
                                        UNITED STATES DISTRICT JUDGE